### ALEXANDER HAYS *v.* LETTICE BRYAN.

**Public Lands—Actual Settler.**

The act of building a cabin on land for one's own use and clearing the land, constituted the person so doing an actual settler.

APPEAL FROM GRAYSON CIRCUIT COURT.

October 9, 1873.

OPINION BY JUDGE PRYOR:

It is alleged in the answer and cross-petition of the defendants, Hays and Merridith, in which they seek to vacate the patent issued to the appellee, Bryan, "that at the date of the patent and of the entry and survey, on which appellee's patent issued, they were in the possession of the whole of the land covered by the patent and claiming it as their own, and that they and those under whom they claim had been continuously in possession for more than sixteen years. That appellee did not give them, or either of them, notice as required by law before making the entry and survey on which the patent issued."

The appellee, in reply to this cross-petition, simply denies "that the defendants, or either of them, were in the possession of the whole tract at the date of the patent, the entry or survey."

The evidence shows that Hays only claimed fifty acres of this land and that he was in the actual possession of this much of the tract at the time the entry and survey was made, and this view of the case is strongly corroborated by the effort made on the part of the appellee to give the appellant notice that he intended to have the land patented. It is certain that other entries and surveys had been made on this same land, or a part of it, prior to the entry of the appellee. These surveys were not made by the appellant, Hays, but by those under whom he entered when the appellee had the surveys made. She seems to have been aware of the fact that these surveys had been made and was attempting to avoid them by not including them in the boundary of land for which she desired to obtain a patent, but that the patent, when it did issue, included these former entries, is clearly shown. The defendant, Hays, commenced building his house in 1862 but did not move into it until 1865. He claimed the land and exercised acts of ownership over it. These acts, consisting in building a cabin for his own use and clearing the land, constituted him an actual settler and, if not, this land had been surveyed by those under whom he claimed for the purpose of obtaining a patent therefor. The entry and survey of the appellee afterwards made, so far as it conflicts with the fifty acres claimed by appellant, was void. See Section 8 of Chapter 102, 2 Vol. Revised Statutes, page 431. No

notice, is shown to have been given the appellant. In the attempt to show notice the appellee proves by her own witness that Hays was then cutting timber on the premises. The judgment of the court below is reversed and cause remanded with directions to render a judgment for Hays for the fifty acres. As to the remainder of the land, so far as appellant is concerned, there is no reason why the appellee should not be adjudged to be the owner, as the appellant, upon his own showing, has neither the title nor the possession.

*W. P. D. Bush, for appellant.*

*Lindsay, for appellee.*